## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Luis A.G.A., <br><br> Petitioner, <br><br> v. <br><br> Kristi Noem, *Secretary, U.S. Department of Homeland Security; Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement; Immigration and Customs Enforcement*, David Easterwood, *Field Office Director of Enforcement and Removal Operations, Minneapolis - St. Paul Field Office, Immigration and Customs Enforcement*; Miguel Vergara, *Field Office Director of Enforcement and Removal Operations, San Antonio Field Office, Immigration and Customs Enforcement*; and Warden of South Texas ICE Processing Center, *custodian of detainees at the South Texas ICE Processing Center*, *each in their official capacity*, <br><br> Respondents. | Civ. No. 26-1479 (JWB/SGE) <br><br><br><br><br><br> **ORDER FOR RESPONSE AND ENJOINING REMOVAL FROM THE STATE** |

**IT IS HEREBY ORDERED** that:

1. Respondents are directed to file an answer to Petitioner Luis A.G.A.'s Petition for Writ of Habeas Corpus (Doc. No. 2) on or before **February 19, 2026**, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case.

2. Respondents' answer should include:

    a. Such affidavits and exhibits as are needed to establish the lawfulness

and correct duration of Petitioner's detention in light of the issues raised in the habeas petition;

  b. A reasoned memorandum of law and fact explaining Respondents' legal position on Petitioner's claims; and

  c. Respondents' recommendation on whether an evidentiary hearing should be conducted.

  d. Respondents' answer shall address whether the legal issues presented in this case—regarding the source of detention authority and the lawfulness of continued custody—are materially different from those addressed in *Eliseo A.A. v. Olson*, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729 (D. Minn. Oct. 8, 2025), or *Mayamu K. v. Bondi*, No. 25-3035 (JWB/LIB), 2025 WL 3641819 (D. Minn. Oct. 20, 2025), and if so, explain how.

  e. Respondents' answer shall address whether they have complied with the Temporary Restraining Order issued on February 12, 2026 in *Advocates for Human Rights v. U.S. Dep't of Homeland Security*, Civ. No. 26-749, Doc. No. 95.

  f. Failure to substantively comply with this Order may result in a finding that Respondents have waived their answer.

3. If Petitioner intends to file a reply to Respondents' answer, Petitioner must do so on or before **February 23, 2026**. Thereafter, no further submissions from either party will be permitted, except as authorized by court order.

**IT IS FURTHER ORDERED** that:

1. As ordered in Doc. No. 4, Petitioner's request for the Court to enjoin

Respondents from moving Petitioner outside of the District of Minnesota is granted. This Court finds that the four *Dataphase* factors weigh in Petitioner's favor based on the allegations in the Petition. *See Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981) (stating the four factors weighed are the likelihood of success on the merits, the threat of irreparable harm, the balance of harms, and the public interest).

2. Respondents—along with their officers, agents, employees, and all persons acting in concert with them—shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the jurisdiction of the United States District Court for the District of Minnesota pending further order of this Court. If Petitioner has been removed from the District of Minnesota, Respondents must immediately return Petitioner.

3. No security is required under Federal Rule of Civil Procedure 65(c). The request seeks only to prevent ongoing statutory and constitutional violations; Petitioner is detained and unable to post a bond; and the relief ordered here—maintaining the status quo—presents no apparent risk of monetary loss to the Government.

4. This injunctive Order shall remain in effect for 14 days from the date of entry, unless extended by further court order under Federal Rule of Civil Procedure 65(b)(2).

Date: February 17, 2026  
Time: 2:37 p.m.

*s/ Jerry W. Blackwell*  
JERRY W. BLACKWELL  
United States District Judge